## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

WILLIE BERNARD BAYMON JR.,

     Plaintiff,

-vs-

                           Case No.

EXPERIAN INFORMATION
SOLUTIONS, INC.; TRANS UNION
LLC; and MAXIMUS EDUCATION,
LLC d/b/a AIDVANTAGE,

     Defendants.

### COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, WILLIE BERNARD BAYMON JR. (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"); TRANS UNION LLC (hereinafter "Trans Union"); and MAXIMUS EDUCATION, LLC d/b/a AIDVANTAGE (hereinafter "Aidvantage") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

### PRELIMINARY STATEMENT

1.    This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.      Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.      Consumer reporting agencies that create consumer reports, like Experian and Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.      When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.      The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6.    Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.    Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.    Venue is proper in this District as Plaintiff is a natural person and resident of Clayton County in the State of Georgia; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

9.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.    Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S. Culver Street, Lawrenceville, Georgia 30046.

11.    Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

3

12.    Experian disburses such consumer reports to third parties under contract for monetary compensation.

13.    Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Georgia through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

14.    Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.    Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

16.    Aidvantage is a corporation with its principal place of business in the Commonwealth of Virginia and is authorized to do business in the State of Georgia through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

17.    Aidvantage is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

18.    Aidvantage furnished information about Plaintiff to the Experian and Trans Union that was inaccurate.

## FACTUAL ALLEGATIONS

19.     Plaintiff is alleged to owe a debt to Aidvantage partial account number 92510979101E0012014* and partial account number 92510979101E0022014*, as to two (2) student loans (hereinafter collectively "Aidvantage Accounts"). Plaintiff does not have an account with Aidvantage and never applied or gave permission to anyone to apply using his information for an account with Aidvantage.

20.     The Aidvantage Accounts were opened on October 27, 2014.

21.     From about March 2014 to February 2015, Plaintiff was incarcerated.

22.     Upon information and belief, Plaintiff is a victim of identity theft or mixed file.

23.     After his release, Plaintiff began to receive mail and became aware of the fraudulent Aidvantage Accounts.

24.     In or about 2019, Plaintiff started to work towards rebuilding his life and credit and observed the Aidvantage Accounts.

25.     Thereafter, Plaintiff contacted Aidvantage to dispute the Aidvantage Accounts and submitted an identify theft and forgery dispute affidavit.

26.     However, the disputes with Aidvantage were unsuccessful.

5

27.     Further, Plaintiff has disputed the Aidvantage Accounts with the CRAs over the years without much success.

28.     On or about December 13, 2024, Plaintiff filed a Federal Trade Commission ("FTC") Identity Theft Report, report number 181186254. In this report, he explained that he was a victim of identity theft and that the Aidvantage Accounts listed in his credit report did not belong to him.

29.     On or about March 31, 2025, Plaintiff obtained a copy of his Trans Union credit report. Plaintiff also attempted to obtain a copy of his Experian credit report but received an error that it was unavailable. Upon review, Plaintiff observed Aidvantage partial account number 92510979101E0012014*, was reported with a balance of $1,218, and Aidvantage partial account number 92510979101E0022014*, was reported with a balance of $3,209. Any payments made were done by Plaintiff as the Aidvantage Accounts do not belong to him.

30.     Due to the inaccurate reporting, on or about April 24, 2025, Plaintiff mailed a detailed dispute letter to Experian and Trans Union. In the letter, Plaintiff requested a copy of his credit report. Further, Plaintiff advised he was a victim of identity theft and that the Aidvantage Accounts did not belong to him. To confirm his identity, Plaintiff included images of his driver's license and Social Security card

in the letter. Further, Plaintiff provided images of the erroneous reporting, images of his filed FTC Identity Theft Report, and other supporting documents.

31. Plaintiff mailed his detailed dispute letter via USPS Certified Mail to Experian (9407 1112 0620 8847 4570 26) and Trans Union (9407 1112 0620 8847 4573 85).

32. Despite confirmation of delivery on April 29, 2025, Plaintiff did not receive dispute results or a copy of his credit report in the mail from Experian.

33. However, on or about May 30, 2025, Plaintiff obtained an updated copy of his Experian credit report. Upon review, Plaintiff observed that the Aidvantage Accounts continued to be reported each with a comment which stated, "Completed investigation of FCRA dispute – consumer disagrees".

34. Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

35. Experian never attempted to contact Plaintiff during the alleged investigation.

36. Upon information and belief, Experian notified Aidvantage of Plaintiff's dispute. However, Aidvantage failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

37.     Despite confirmation of delivery on April 30, 2025, Plaintiff did not receive dispute results or a copy of his credit report in the mail from Trans Union.

38.     However, on or about May 30, 2025, Plaintiff obtained an updated copy of his Trans Union credit report. Upon review, Plaintiff observed that the Aidvantage Accounts continued to be reported each with a comment which stated, "Completed investigation of FCRA dispute – consumer disagreed".

39.     Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

40.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

41.     Upon information and belief, Trans Union notified Aidvantage of Plaintiff's dispute. However, Aidvantage failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

42.     Due to the continued inaccurate reporting, on or about June 2, 2025, Plaintiff mailed a second detailed dispute letter to Experian and Trans Union. In the letter, Plaintiff again requested a copy of his credit report. Further, Plaintiff reiterated he was a victim of identity theft and that the Aidvantage Accounts did not belong to him. To confirm his identity, Plaintiff included images of his driver's license and Social Security card in the letter. Further, Plaintiff provided images of the erroneous

reporting, images of his filed FTC Identity Theft Report, and other supporting documents.

43.    Plaintiff mailed his second detailed dispute letter via USPS Certified Mail to Experian (9407 1111 0549 5829 0042 06) and Trans Union (9407 1111 0549 5829 0042 68).

44.    Despite Plaintiff's best efforts to have the erroneous reporting corrected, Experian and Trans Union continue to inaccurately report the erroneous Aidvantage Accounts in Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

45.    Experian and Trans Union have not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continue to parrot off the back of the furnisher.

46.    Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

47.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

> i.    Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, wasted time,

and lost wages due to missing work in attempts to cure the reporting errors;

ii.   Loss of time attempting to cure the errors;

iii.  Mental anguish, added stress, aggravation, embarrassment, emotional distress, sleepless nights, headaches, fluctuations in weight, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions;

iv.   Apprehensiveness to apply for new credit due to the fear of rejection; and

v.    Defamation as Defendants published inaccurate information to third party entities.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

48.   Plaintiff re-alleges and incorporates paragraphs one (1) through forty-seven (47) above as if fully stated herein.

49.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

10

50.     Experian allowed for furnisher(s) to report inaccurate and erroneous accounts to Plaintiff's credit file.

51.     Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

52.     Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

53.     Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

54.     Experian violated its own policies and procedures by not deleting account(s) when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

55.     As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

56.     The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

57.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, WILLIE BERNARD BAYMON JR., respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

58.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-seven (47) above as if fully stated herein.

59.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

60.    Experian allowed for furnisher(s) to report inaccurate and erroneous accounts to Plaintiff's credit file.

61.    Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

62.    Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

63.    Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

64.    Experian violated its own policies and procedures by not deleting account(s) when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

65.    As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

66.     The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

67.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, WILLIE BERNARD BAYMON JR., respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT III
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

68.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-seven (47) above as if fully stated herein.

69.     After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit

14

file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

70.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

71.    Plaintiff provided Experian with the information it needed to confirm that he was a victim of identity theft or mixed file. Experian ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

72.    As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

73.    The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

74.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, WILLIE BERNARD BAYMON JR., respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IV
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

75.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-seven (47) above as if fully stated herein.

76.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

16

77.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

78.     Plaintiff provided Experian with the information it needed to confirm that he was a victim of identity theft or mixed file. Experian ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

79.     As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

80.     The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

81.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, WILLIE BERNARD BAYMON JR., respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT V
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

82.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-seven (47) above as if fully stated herein.

83.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

84.    Plaintiff provided to Experian appropriate and sufficient proofs of identity to allow Experian to create a high degree of confidence in knowing the identity of Plaintiff.

85.    Despite the sufficient proofs of identification produced by Plaintiff, Experian refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, his credit report, or dispute results to Plaintiff.

86.    As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit

18

from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

87.     The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

88.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, WILLIE BERNARD BAYMON JR., respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VI
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Experian Information Solutions, Inc. (Willful)

89.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-seven (47) above as if fully stated herein.

90.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

91.    Plaintiff provided to Experian appropriate and sufficient proofs of identity to allow Experian to create a high degree of confidence in knowing the identity of Plaintiff.

92.    Despite the sufficient proofs of identification produced by Plaintiff, Experian refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, his credit report, or dispute results to Plaintiff.

93.    As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

94.    The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

95.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, WILLIE BERNARD BAYMON JR., respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VII
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

96.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-seven (47) above as if fully stated herein.

97.    Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

98.    Trans Union allowed for furnisher(s) to report inaccurate and erroneous accounts to Plaintiff's credit file.

99.    Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

100.   Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

101.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

102.   Trans Union violated its own policies and procedures by not deleting account(s) when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

103.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

104.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

105.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, WILLIE BERNARD BAYMON JR., respectfully requests that this Court award actual damages against Defendant, TRANS UNION

LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VIII
### Violation of 15 U.S.C. § 1681e(b) as to Defendant, Trans Union LLC (Willful)

106.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-seven (47) above as if fully stated herein.

107.    Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

108.    Trans Union allowed for furnisher(s) to report inaccurate and erroneous accounts to Plaintiff's credit file.

109.    Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

110.    Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

111.    Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

23

112.   Trans Union violated its own policies and procedures by not deleting account(s) when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

113.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

114.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

115.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, WILLIE BERNARD BAYMON JR., respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

24

## COUNT IX
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Negligent)

116.  Plaintiff re-alleges and incorporates paragraphs one (1) through forty-seven (47) above as if fully stated herein.

117.  After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

118.  Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

119.  Plaintiff provided Trans Union with the information it needed to confirm that he was a victim of identity theft or mixed file. Trans Union ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

120.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

121.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

122.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, WILLIE BERNARD BAYMON JR., respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT X
#### Violation of 15 U.S.C. § 1681i as to
#### Defendant, Trans Union LLC (Willful)

123.   Plaintiff re-alleges and incorporates paragraphs one (1) through forty-seven (47) above as if fully stated herein.

26

124.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

125.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

126.   Plaintiff provided Trans Union with the information it needed to confirm that he was a victim of identity theft or mixed file. Trans Union ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

127.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish,

humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

128. The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

129. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, WILLIE BERNARD BAYMON JR., respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT XI
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Trans Union LLC (Negligent)

130. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-seven (47) above as if fully stated herein.

131. After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

28

132.   Plaintiff provided to Trans Union appropriate and sufficient proofs of identity to allow Trans Union to create a high degree of confidence in knowing the identity of Plaintiff.

133.   Despite the sufficient proofs of identification produced by Plaintiff, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, his credit report, or dispute results to Plaintiff.

134.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

135.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

136.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, WILLIE BERNARD BAYMON JR., respectfully requests that this Court award actual damages against Defendant, TRANS UNION

LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT XII**
**Violation of 15 U.S.C. § 1681g as to**
**Defendant, Trans Union LLC (Willful)**

137.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-seven (47) above as if fully stated herein.

138.    After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

139.    Plaintiff provided to Trans Union appropriate and sufficient proofs of identity to allow Trans Union to create a high degree of confidence in knowing the identity of Plaintiff.

140.    Despite the sufficient proofs of identification produced by Plaintiff, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, his credit report, or dispute results to Plaintiff.

141.    As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish,

30

humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

142.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

143.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, WILLIE BERNARD BAYMON JR., respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XIII
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Maximus Education, LLC d/b/a Aidvantage (Negligent)

144.   Plaintiff re-alleges and incorporates paragraphs one (1) through forty-seven (47) above as if fully stated herein.

145.   Aidvantage furnished inaccurate account information to Experian and Trans Union and through those CRAs to all of Plaintiff's potential lenders.

146.   After receiving Plaintiff's disputes, Aidvantage violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous accounts; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to Experian and Trans Union; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

147.   Plaintiff provided all the relevant information and documents necessary for Aidvantage to have identified that the accounts were erroneous.

148.   Aidvantage did not have any reasonable basis to believe that Plaintiff was responsible for the accounts reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Aidvantage by Plaintiff in connection with his disputes of the accounts in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the accounts belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

149.   Aidvantage violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

150. As a direct result of this conduct, action, and/or inaction of Aidvantage, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

151. The conduct, action, and inaction of Aidvantage was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

152. Plaintiff is entitled to recover costs and attorney's fees from Aidvantage in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, WILLIE BERNARD BAYMON JR., respectfully requests that this Court award actual damages against Defendant, MAXIMUS EDUCATION, LLC d/b/a AIDVANTAGE; jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XIV
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Maximus Education, LLC d/b/a Aidvantage (Willful)

153.   Plaintiff re-alleges and incorporates paragraphs one (1) through forty-seven (47) above as if fully stated herein.

154.   Aidvantage furnished inaccurate account information to Experian and Trans Union and through those CRAs to all of Plaintiff's potential lenders.

155.   After receiving Plaintiff's disputes, Aidvantage violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous accounts; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to Experian and Trans Union; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

156.   Plaintiff provided all the relevant information and documents necessary for Aidvantage to have identified that the accounts were erroneous.

157.   Aidvantage did not have any reasonable basis to believe that Plaintiff was responsible for the accounts reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Aidvantage by Plaintiff in connection with his disputes of the accounts in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the accounts belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence

and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

158.    Aidvantage violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

159.    As a direct result of this conduct, action, and/or inaction of Aidvantage, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

160.    The conduct, action, and inaction of Aidvantage was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

161.    Plaintiff is entitled to recover costs and attorney's fees from Aidvantage in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, WILLIE BERNARD BAYMON JR., respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, MAXIMUS EDUCATION, LLC d/b/a AIDVANTAGE; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment

interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, WILLIE BERNARD BAYMON JR., respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; and MAXIMUS EDUCATION, LLC d/b/a AIDVANTAGE, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 6th day of June 2025.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Suite 610
Tampa, Florida 33602
Cell: (813) 299-8537

36

Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
*Attorney for Plaintiff*